IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STONEY LEE SCHAEFFER, | ) |
| | ) Civil Action No. 07 - |
| | ) 825 |
| Plaintiff, | ) |
| | ) Judge Arthur J. Schwab / |
| v. | ) Magistrate Judge Lisa |
| | ) Pupo Lenihan |
| HARRY E. WILSON, Facility | ) |
| Superintendent; TIMOTHY CROSS, | ) |
| State Police Supervisor; NANCY D. | ) |
| VERNON, District Attorney, | ) |
| | |

Defendants.

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.      RECOMMENDATION

It is respectfully recommended that Plaintiff's Complaint be dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983 because it was filed beyond the applicable two-year limitations period.

II.     REPORT

Plaintiff, Stoney Lee Schaeffer, an inmate presently confined at the State Correctional Institution at Forest, located in Marienville, Pennsylvania, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. Defendants include Harry Wilson, Superintendent Pennsylvania Department of Corrections (DOC), Nancy Vernon, District Attorney of Westmoreland County, and Timothy Cross, State Police Supervisor. In his Complaint (doc. no. 3) Plaintiff complains about an incident that occurred on February 12, 2005. Because this incident occurred over two years before the

Complaint was filed, it does not provide any basis for this Court to grant relief.

A. <u>Standard of Review</u>

This Court is required to review Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Pertinent to the case at bar are the mandatory screening and dismissal provisions that apply to prisoner claims. Specifically, in 28 U.S.C. § 1915A, Congress enacted a new statutory provision entitled "Screening" that requires federal courts to review prisoner complaints that seek redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

In addition, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed in forma pauperis (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons who are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

2

Plaintiff is considered a "prisoner" as that term is defined under the PLRA.[1]  All of the Defendants are officers or employees of a governmental entity.  In addition, Plaintiff has been granted leave to proceed in forma pauperis in this action.[2]  Thus his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §§ 1915A & 1915(e).  In reviewing complaints under 28 U.S.C. §§ 1915A & 1915(e), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[3]  Dismissal is proper under Rule 12(b)(6) if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  Notwithstanding, a plaintiff must allege specific facts supporting his claims to withstand dismissal for failure to state a claim.  Brock v. St. Joseph's Hosp., 104 F.3d 358 (4th Cir. Dec. 23, 1996); Whitehead v. Becton, 1996 WL 761937 (D.C. Cir. 1996).

B. Limitations Period

---

1.  Sections 1915 and 1915A, as amended, define the term "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  See 28 U.S.C. §§ 1915(h); 1915A(c).

2.  See doc. no. 2.

3.  See, e.g., Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998); Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir. 1998).

Plaintiff seeks recovery against Defendants under 42 U.S.C. § 1983. The limitations period for civil actions brought under 42 U.S.C. § 1983 is determined by state law. [4] Under Pennsylvania law, the applicable limitations period for civil rights actions asserted under 42 U.S.C. § 1983 is two years. *See* 42 Pa. Cons. Stat. § 5524.

The date when a civil rights action accrues (begins to run) is a matter of federal law. Albright v. Oliver, 510 U.S. 266, 280 n.6 (1994) (J. Ginsburg, concurring). A claim accrues when the plaintiff becomes aware, or should have become aware, of both the fact of injury and its causal connection to the Defendant. *See* Delaware State College v. Ricks, 449 U.S. 250, 258 (1980) (it is the wrongful act that triggers the start of the limitations period); Keystone Ins. Co. v. Houghton, 863 F.2d 1125, 1127 (3d Cir. 1988) (a federal cause of action accrues when the plaintiff is aware, or should be aware, of the existence of and source of injury, not when the potential claimant knows or should know that the injury constitutes a legal wrong).

Plaintiff's Complaint is signed and dated June 13, 2007. Due to the two-year limitations period, Plaintiff cannot impose liability against Defendants under 42 U.S.C. § 1983 for events that occurred prior to June 13, 2005. Plaintiff's incident occurred on February 12, 2005. Consequently, Defendants are entitled to

---

4  *See* Wilson v. Garcia, 471 U.S. 261, 272-76 (1985) (42 U.S.C. § 1983).

judgment as a matter of law under 42 U.S.C. § 1983 with respect to the events he complains of in his Complaint.

III.    <u>CONCLUSION</u>

For the reasons stated above, it is respectfully recommended that Plaintiff's Complaint be dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983 because it was filed beyond the applicable two-year limitations period.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

July 9, 2007

_____
Lisa Pupo Lenihan
U.S. Magistrate Judge


cc:      Arthur J. Schwab
         United States District Judge

         Stoney Lee Schaeffer, DW - 8560
         S.C.I. Forest
         P.O. Box 945
         1 Woodland Drive
         Marienville, PA  16239-0945